UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-24422-CIV-LENARD/GOODMAN

**WENDY FONG** and **JOSEPH TRAVERS**,

      Plaintiffs,

v.

**TOWN OF BAY HARBOR ISLANDS, FLORIDA;** a Florida municipal corporation, *et al*.

      Defendants.
_____/

**TOWN OF BAY HARBOR ISLANDS, FLORIDA**,

      Plaintiff,

v.

**WENDY FONG** and **JOSEPH TRAVERS,**      Case No. 10-24432-CIV- LENARD
                                                     CONSOLIDATED WITH ABOVE CASE

      Defendants.
_____/

## **REPORT & RECOMMENDATIONS**

      This matter is before the Court on referral from United States District Judge Joan A. Lenard of the following motions: (1) Defendants Wallace and Bruder's Motion to Strike the Complaint (DE# 6); (2) Plaintiffs' Verified Emergency Motion for Injunctive Relief (DE# 7); and (3) Defendant Town of Bay Harbor Islands's Motion to Strike Notice of Removal or for other relief (DE# 10) (Case No. 10-24432).

This day, I entered Findings of Fact, Conclusions of Law, & Order Striking Pleadings and Motion (DE# 19), which granted the two motions to strike (DE# 6, 10). The Plaintiffs' Verified Emergency Motion for Injunctive Relief (DE# 7) is now moot because both the Motion itself and the Complaint in the underlying action have been stricken from the record. Although the Town of Bay Harbor Islands requested remand in the alternative to striking the Notice of Removal (DE# 10), the propriety of the attempted removal implicates the Court's subject matter jurisdiction, and so I must *sua sponte* **recommend** that Case No. 10-24432 be remanded to state court. Additionally, because I have struck the complaint in the 42 U.S.C. § 1983 action (Case No. 10-24422) for Rule 11 violations, it is appropriate to dismiss this case as well. Finally, the Town made an *ore tenus* request during the hearing that, in the event of dismissal, the Court retain jurisdiction over motions for fees and sanctions.

Although I initially indicated at the end of today's hearing that I would schedule another evidentiary hearing in order to obtain testimony from disbarred attorney Randall Jeffrey Layman, there will be no case remaining if the district court adopts my recommendations. Therefore, there is presently no need for an evidentiary hearing and the Town need not now, or in the immediate future, try to pinpoint Mr. Layman's whereabouts in order to serve him with a subpoena for an evidentiary hearing which has not been scheduled.[1]

---

[1] According to Travers' testimony at the hearing, he did not initially know that the Florida Bar disbarred Layman but learned of it at some point. According to Travers, Layman told him that Jennifer Latham, a licensed Florida attorney, had agreed to help Travers and Fong and purportedly gave consent for her name to be used on papers filed with the court. (Ms. Latham testified that she gave no such consent, and I found this testimony to be credible). Travers testified that Layman was down on his luck, living a "very simple" existence and that Travers would sometimes give Layman $50 or $100 in

It is therefore **respectfully recommended** that:

1. The District Court **dismiss without prejudice** the above-captioned civil case because the Complaint has been stricken for violating Federal Rule of Civil Procedure 11.

2. The District Court urge Travers and Fong to retain counsel should they wish to re-file their civil rights case or, if they should decide on their own to re-file, as *pro se* litigants, their Complaint and/or a motion for injunctive relief, to remind them of their Rule 11 obligations.

3. The District Court **remand** the consolidated case (Case No. 10-24432) to the Circuit Court for Florida's Eleventh Judicial Circuit because the Notice of Removal was improper under 28 U.S.C. § 1441 and the Court therefore lacks subject matter jurisdiction.

4. The District Court **reserve jurisdiction in both actions** for appropriate motions for fees, costs, and sanctions.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have fourteen (14) days after being served with a copy of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge. Each party may file a response to the other party's objection within 14 days of the objections. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in this report and bar the parties from attacking on appeal the factual findings contained herein.

---

cash. According to the Florida Bar's website, the Florida Supreme Court disbarred Layman on April 15, 2010.
http://www.floridabar.org/names.nsf/0/FB0E352C4A4BFE4985256A83000332C7?OpenDocument (last visited Jan. 20, 2011).

3

*Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988)).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this 20th day of January, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
**Hon. Joan A. Lenard**

**Counsel of Record**

**Wendy Fong**
1331 100th Street
Bay Harbor Islands, FL 33154

**Joseph Travers**
1331 100th Street
Bay Harbor Islands, FL 33154

**Jennifer A. Latham, Esq.**
attorneylatham@gmail.com

4