UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-24422-CIV-LENARD/GOODMAN
CASE NO. 10-24432-CIV-LENARD/GOODMAN

**WENDY FONG and JOSEPH TRAVERS,**

Plaintiffs,

vs.

**TOWN OF BAY HARBOR ISLANDS, FLORIDA, et al.**,

Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION (D.E. 20), DISMISSING CASE NO. 10-24422 AND REMANDING CASE NO. 10-24432 TO STATE COURT

**THIS CAUSE** is before the Court on the Report and Recommendation ("Report," D.E. 20), issued on January 20, 2011 by U.S. Magistrate Judge Jonathan Goodman. The Report is accompanied by the Magistrate Judge's Findings of Fact, Conclusions of Law & Order Striking Pleadings and Motion ("Order," D.E. 19), also issued on January 20, 2011.

The Report and Order followed an evidentiary hearing held on January 20, 2011, at which all parties were present and testimony was provided. In his findings of fact, Magistrate Judge Goodman concluded that the Complaint in Civil Case No. 10-24422 (D.E. 1) was not signed by an attorney of record or an unrepresented party. (Order at 2.) The purported signature of Jennifer Latham, alleged attorney for Plaintiffs Wendy Fong and Joseph Travers, was not hers. (*Id*.) Similarly, Ms. Latham's signatures on Plaintiffs' Verified Emergency Motion for Injunctive Relief (D.E. 7) and the Notice of Removal in

Civil Case No. 10-24432 (D.E. 1) are also forgeries.  (*Id*. at 2-3.)   All three documents were filed using P.O. Box 7276, Miami, Florida, 33154, a P.O. Box belonging to Wendy Fong.  (*Id*. at 3.)  Magistrate Judge Goodman also found that Attorney Latham never met with Plaintiffs nor has she entered into an attorney-client relationship with either Plaintiff. (*Id*.)  Furthermore, Plaintiff Wendy Fong never read the Verified Emergency Motion for Injunctive Relief, contrary to her notarized verification, and she does not have personal knowledge of its contents.  (*Id*.)  Consequently, the three forged documents filed by Plaintiffs are stricken under Federal Rule of Civil Procedure 11(a).  (*Id*. at 4.)

Pursuant to these findings of fact and conclusions of law, the Report recommends that Civil Case No. 10-24422, originally filed in this Court, be dismissed without prejudice as the Complaint has been stricken.  (Report at 3.)  The Report also recommends that Civil Case No. 10-24432, removed to this Court and subsequently consolidated with No. 10-24432, be remanded to the Circuit Court for Florida's Eleventh Judicial Circuit because the Notice of Removal was improper under 28 U.S.C. § 1441. (*Id*.)

The Report also provides fourteen (14) days for the parties to file objections.  To date, no objections to the Report have been filed.  The Court has twice granted Plaintiffs' motions extension of time to obtain new counsel and file their objections to the Report. (See Orders, D.E. 23 and 25.)  The most recent extension provided Plaintiffs until

February 22, 2011 to file their objections. To date, no objections have been filed.[1]

Failure to timely file objections shall bar parties from attacking on appeal the factual findings contained in the report. *See Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993). Therefore, after an independent review of the Report and record, it is hereby **ORDERED AND ADJUDGED** that:

1. The Report of the Magistrate Judge (D.E. 20), issued on January 20, 2011, is **ADOPTED.**

2. This action, Civil Case No. 10-24422-CIV-LENARD/GOODMAN is **DISMISSED** without prejudice.[2]

3. This Case is **CLOSED**.

4. Civil Case No. 10-24432-CIV-LENARD/GOODMAN is **REMANDED** to the Circuit Court for Florida's Eleventh Judicial Circuit and remains **CLOSED**.

5. All pending motions in both actions are **DENIED** as moot.

---

[1] On January 20, 2011, Plaintiffs filed a Notice of Appearance apparently evidencing their intention to proceed *pro se*. Attached to that Notice of Appearance is a Florida Bar Complaint against Jennifer Latham. This complaint is irrelevant for the purposes of the instant lawsuit. To the extent Plaintiffs challenge the Magistrate Judge's conclusion that no attorney-client relationship existed between Latham and Plaintiffs, this objection is overruled. The Court gives deference to Magistrate Judge Goodman's credibility determination based on testimony from all parties, including telephonic testimony from attorney Latham. The Court instead suggests Plaintiffs consider that misrepresentations were made to them by disbarred attorney Randall Layman.

[2] As mentioned in the Report, Plaintiffs are free to re-file their civil rights case. However the Court strongly suggests they review Federal Rule of Civil Procedure 11 as well as the Local Rules of this District before doing so. Plaintiffs should take great care in selecting their next attorney.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of February, 2011.

/s/ Joan A. Lenard
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**